JOHN E. HOPKINSON *vs.* THE FIRST NATIONAL BANK OF PROVINCETOWN, executor, & others.

Middlesex.    February 5, 1936. — February 26, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Frauds, Statute of. Equity Jurisdiction*, Specific performance. *Bona Fide Purchaser. Agency*, Agent's knowledge.

A writing, signed by the owner of land and reading: "Received of . . . [a named purchaser] . . . dollars in full for a piece of woodland formerly . . . [B] the Deed of the same to be sent to him later (no particular time but whenever I can go over the ground and certify to the measures," it appearing that the "woodland formerly . . . [B]" was identified by a sketch on the back and by oral evidence, was *held* to meet the requirements of the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1.

A decree dismissing a suit in equity for specific performance of a contract to convey land was reversed, where it appeared that the decree was based on a finding that a wife was a purchaser of the land for value without notice of the contract, but, although the wife admitted of record that her husband as her agent had had charge of the transaction by which she purchased, the trial judge erroneously had excluded evidence that, during negotiations for the purchase and previous to the conveyance to the wife, the husband had been informed of the existence of the plaintiff's contract, from which an inference would have been warranted that the husband, at the time when the land was conveyed to the wife, still as her agent retained such knowledge, so that she through him at the time of conveyance had notice of the plaintiff's contract.

BILL IN EQUITY, filed in the Superior Court on October 31, 1933.

The case was heard on its merits by *Morton*, J., by whose order a final decree dismissing the bill was entered. The plaintiff appealed from that decree and also alleged exceptions.

*W. F. Porter*, for the plaintiff.

*C. Yanofsky*, (*A. P. French* with him,) for the defendants.

LUMMUS, J. In 1914 Oliver H. Linnell of Wellfleet received a deed from the widow of Elisha Brown of a tract of land on the northerly side of the State highway in that town. The tract comprised what may be considered three lots, two on the highway and one to the north or rear of them. The westerly lot on the highway, which we may call the Adams lot, was conveyed by Linnell to one Adams in 1917, leaving Linnell with a front lot and a woodlot in the rear, without any fixed line between them.

On November 15, 1922, having received from the plaintiff, John E. Hopkinson, the full consideration of $25 in cash and a United States Liberty Bond of the denomination of $50, Linnell signed and delivered to the plaintiff the following writing: "Received of John E. Hopkinson $25.00 Twenty-five dollars in full for a piece of woodland formerly Elisha Brown the Deed of the same to be sent to him later (no particular time but whenever I can go over the ground and certify to the measures." On the back of the writing was a sketch corresponding to the land conveyed to Linnell by the widow of Elisha Brown. The Adams lot was delineated, the compass direction of its westerly line was correctly shown in degrees, and at the northwest corner of that lot were the figures 324, which was the correct distance in feet along the westerly line of that lot from the highway to said corner. The courses, with compass directions in degrees, and the distances, of Linnell's boundary lines from that corner around the westerly, northerly and easterly sides of the woodlot, were given. From the southeasterly corner of the woodlot, similar courses and distances were given for the northerly boundary of the front lot (except where it bounded on the woodlot), the easterly bound-

ary of the front lot, and the southerly boundary of the front lot on the highway. All that was lacking to complete the enclosure of the woodlot was a line running approximately westerly from the southeasterly corner thereof to the northeasterly corner of the Adams lot.

The writing spoke of the lot to be conveyed as "woodland formerly Elisha Brown." The bill of exceptions shows that "There was undisputed evidence . . . that the woodland in question [i.e., the woodlot which is the subject matter of this suit] was known as woodland formerly of Eisha Brown and that the same was comprised within the boundaries shown on the sketch on the reverse side of said writing, as follows [then follows a description of the woodlot, in courses and distances following the sketch, with the southerly boundary line completed as hereinbefore stated]."

There was evidence that, at or about the time of the signing and delivery of the writing, the plaintiff and Linnell walked around the boundaries of the woodlot; and that thereafter the plaintiff cut wood therefrom for a number of years. Linnell died on December 8, 1932, without having delivered a deed, although a deed had several times been requested. The defendant bank was executor of his will, and was devisee in trust of all the residue of his estate, including the woodlot. The plaintiff, on October 31, 1933, brought this bill for specific performance.

It could have been found that the writing was sufficient as a memorandum under the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1. The writing, interpreted in the light of the oral evidence identifying the "woodland formerly Elisha Brown" with the woodlot in question, could be found to constitute a clear and definite contract, under which the only obligation remaining unperformed is that of Linnell to make conveyance. *Hurley* v. *Brown*, 98 Mass. 545. *Mead* v. *Parker*, 115 Mass. 413. *Ryder* v. *Loomis*, 161 Mass. 161. *Howe* v. *Watson*, 179 Mass. 30, 39. *Nickerson* v. *Weld*, 204 Mass. 346, 354 *et seq. Danforth* v. *Chandler*, 237 Mass. 518.

On or about September 14, 1933, the defendant bank as executor, under a power in the will of Linnell, conveyed to

the defendant Lizzie M. Atwood the woodlot in question and the front lot, formerly owned by Linnell. Of course the bank as executor and devisee was a volunteer, and took subject to the equitable duty of Linnell specifically to perform his contract with the plaintiff. See G. L. (Ter. Ed.) c. 204, § 1. *Lykins* v. *McGrath,* 184 U. S. 169. But the defendant Atwood claims to be not only a purchaser for value, as she undoubtedly is, but also a purchaser without notice of, and therefore free from, such equitable duty. The judge found that she neither knew nor had reason to know of the existence of any such claim as the plaintiff sets out in his bill, and for that reason entered a decree dismissing the bill with costs. The plaintiff not only appealed but also filed a bill of exceptions. *Shea* v. *Lexington,* 290 Mass. 361, 373. *Todd* v. *Pearce,* 291 Mass. 455, 459–460. *Pemberton Sq. Operating Co.* v. *Lydon,* 292 Mass. 63, 64.

The defendant Atwood admitted of record in the case that her late husband as her agent had charge of the transaction with the defendant bank by which she purchased the property. The plaintiff offered evidence to prove that, about two months before the conveyance to the defendant Atwood, her late husband was informed by the plaintiff that he had an agreement for the purchase of the woodlot in question and had paid the price for it in full. The judge excluded the evidence, subject to the plaintiff's exception.

This evidence was admissible. It warranted the inference that when, shortly afterwards, the defendant Atwood's late husband bought the woodlot as agent for his wife, he still retained his knowledge of the plaintiff's equitable right. If he did, his knowledge being attributable to his principal even though she was also his wife (see *Sampson* v. *Sampson,* 223 Mass. 451, 458–460), the defendant Atwood was not a purchaser without notice, and is bound by the same equitable duty as was Linnell. *Suit* v. *Woodhall,* 113 Mass. 391. *National Security Bank* v. *Cushman,* 121 Mass. 490. *Wasserboehr* v. *Morgan,* 168 Mass. 291, 295. *The Distilled Spirits,* 11 Wall. 356. *New England Trust Co.* v. *Farr,* 57 Fed. Rep. (2d) 103, 110. *Constant* v.

*University of Rochester*, 111 N. Y. 604. *Schwind* v. *Boyce*, 94 Md. 510. *George* v. *Butler*, 16 Utah, 111. Am. Law Inst. Restatement: Agency, § 276. For collections of cases, see Mechem, Agency (2d ed.) §§ 1808, 1809; L. R. A. 1918 B, 929; Ann. Cas. 1912 D, 95. See also *Stetson Press, Inc.* v. *Bunsen Oil Burner Corp.* 285 Mass. 291, 293; *Mann* v. *United Motor Boston Co.* 226 Mass. 495, 497; *New England Trust Co.* v. *Bright*, 274 Mass. 407, 413; *Stanley* v. *Schwalby*, 162 U. S. 255, 276, 277. The error in the exclusion of this evidence vitiated the findings and the final decree.

*Exceptions sustained.*
*Decree reversed.*