LILLIAN GUTHRIE *vs.* J. J. NEWBERRY CO.

Worcester.    September 21, 1936. — May 24, 1937.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Sale*, Warranty.  *Notice.  Agency*, Agent's knowledge.  *Corporation*, Officers and agents.

A letter to the proprietor of a restaurant from an attorney stating that his client had "conferred with" him "in reference to illness which she suffered as a result of eating some food which she purchased at your store" on a certain date and that "from information which" he had, "you have been informed that she became ill from eating this food so purchased," together with evidence that, on the day after the client purchased the food, her sister told the manager of the restaurant "just what had happened," warranted a finding that the defect relied on was sufficiently described and that notice under G. L. (Ter. Ed.) c. 106, § 38, was given; that the sister was not acting as the client's agent was immaterial.

TORT OR CONTRACT.    Writ in the Superior Court dated July 16, 1932.

The action was heard without a jury by *Cox, J.* The judge at the defendant's request ruled: "It was incumbent upon the plaintiff to show that she gave notice referring to a particular sale and fairly advising the defendant of the alleged defect and specifying with reasonable particularity in which [*sic*] the breach consisted"; but refused to rule, "The notice given by the plaintiff to the defendant was insufficient for this purpose."

The judge further ruled: "There is no finding by the auditor that the sister acted as the plaintiff's agent in notifying the manager of the restaurant"; but he refused to rule, "The notice by the plaintiff's attorney was not sufficient"; or "The notice was not aided by the conversation with the plaintiff's sister." There was a finding for the plaintiff in the sum of $350. The defendant alleged exceptions.

*C. W. Proctor*, for the defendant.

No argument nor brief for the plaintiff.

DONAHUE, J. The plaintiff, a minor, was made ill by eating a portion of a sandwich purchased by her in a restaurant operated in its store by the defendant corporation. At the trial in the Superior Court, both parties waived their claims of a jury trial and the only evidence introduced was the report of an auditor. The trial judge found for the plaintiff on a count in the declaration alleging the breach by the defendant of an implied warranty of the fitness of the food bought and eaten by the plaintiff.

The case is here on exceptions of the defendant to the refusal of the judge to give requests for rulings to the effect that the notice of the breach of warranty given to the defendant by the plaintiff's attorney was not sufficient and that the notice was not aided by a conversation between the plaintiff's sister and the manager of the defendant's restaurant. The only question raised at the trial was as to the sufficiency of the notice.

The plaintiff was employed in the next building to the defendant's store. At some time after one o'clock on November 16, 1931, she left her place of work and went for lunch to the restaurant. She ordered a chicken salad sandwich and a bottle of milk. She started to eat the sandwich but shortly noticed that it tasted bad and ate no more of it. She drank the milk and left the restaurant. She then felt no ill effects and did not mention the bad taste to the waiter, who was busy with other customers, or to anyone else. She returned to her place of work and soon afterwards became nauseated. She lay on a couch for a while and then went to work although she felt weak, dizzy and nauseated. At three o'clock she told her superior of her condition and went home. A condition of nausea and dizziness persisted through the day. She was treated by a physician that evening and again two days later. On the day after the plaintiff purchased the sandwich, her sister told the manager of the defendant's restaurant "just what had happened." On November 20 the plaintiff went back to work although she still felt weak. She visited her physician on November 21, 23, 27 and again several times in the following January and February.

On December 5, 1931, the defendant received a letter from the plaintiff's attorney so headed and signed that the defendant knew from whom the letter came and the capacity in which it was sent. It stated that the plaintiff, giving her name and address, "has conferred with me in reference to illness which she suffered as a result of eating some food which she purchased at your store. Miss Guthrie purchased this food on Monday, November 16th, 1931 and from information which I have, you have been informed that she became ill from eating this food so purchased. If this is a matter for adjustment, will you kindly have your representative get in touch with me."

The sales act provides that ". . . if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor." G. L. (Ter. Ed.) c. 106, § 38. It is the manifest purpose of the statute that, in order to fix liability on a seller, the buyer must give to the seller seasonable information of the buyer's intention to look to the seller for damages from a breach of warranty.

The statute does not prescribe the form or specify the contents of the required notice of such intent. *Nashua River Paper Co.* v. *Lindsay*, 249 Mass. 365, 369. The notice need not necessarily be in writing. *Jamrog* v. *H. L. Handy Co.* 284 Mass. 195, 198. Complaints as to the quality of what was sold may be found to amount to an adequate notice if in the circumstances appearing the complaints are of such a character as reasonably to inform the seller of the buyer's intention to claim damages for a breach of warranty. *Nashua River Paper Co.* v. *Lindsay*, 242 Mass. 206, 210. *Country Club Soda Co. Inc.* v. *Arbuckle*, 279 Mass. 121, 131. *Jamrog* v. *H. L. Handy Co.* 284 Mass. 195, 198. *Truslow & Fulle, Inc.* v. *Diamond Bottling Corp.* 112 Conn. 181. An express claim of damages is not necessary if it is reasonably inferable from the notice that the buyer is asserting a violation of his legal rights. *Nashua River Paper Co.* v. *Lindsay*, 249 Mass. 365, 370. Compare *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163, 168.

It was reasonably to be inferred by the defendant that the letter sent by the plaintiff's attorney was an expression of her intention to look to the defendant for damages and an assertion of her legal rights. As to this the defendant now makes no contention to the contrary. Under the statute the plaintiff was given a reasonable time within which to give notice of the breach of warranty. On the facts found by the auditor the conclusion was warranted that the letter was sent and received within a reasonable time. Whether the notice was so given was a question of fact. *Johnson* v. *Kanavos,* 296 Mass. 373, 377.

It is the defendant's contention that the letter of the attorney did not adequately advise the defendant of the defect in the food and specify with adequate particularity what constituted the alleged defect. The letter refers to one particular sale on a specified date. *Nashua River Paper Co.* v. *Lindsay,* 249 Mass. 365, 369. There is nothing in the facts found by the auditor to indicate that food was sold anywhere else in the defendant's store than in the restaurant. We think the letter sufficiently informed the defendant that the plaintiff's claim was that she had purchased and eaten in the defendant's restaurant on the day stated food which made her ill, and, by fair inference, that by the letter she was asserting the intention to look to the defendant for damages for breach of an implied warranty that the food was fit for human consumption. It was not necessary for the plaintiff to assert in the notice or later to prove the cause of such unfitness.

The letter did not state the kind of food purchased and eaten by the plaintiff or the hour when it was bought. The letter, however, by way of identification of the occurrence, did state the understanding of the writer, the plaintiff's attorney, that the defendant had already been informed that the plaintiff had been made ill by food purchased at the store on the day stated. The facts found by the auditor warranted the conclusion that the understanding set out in the letter was correct. For, on the day following the day on which the plaintiff was made ill, her sister told the man-

ager of the restaurant "just what had happened" to the plaintiff. It does not appear that the sister purported to make an assertion of a violation of the plaintiff's legal rights or that she was authorized to make such an assertion on behalf of the plaintiff, hence her communication to the manager could not by itself be considered a notice within the requirements of the statute. *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163, 168.

But the sister did make an assertion of fact as to what happened to the plaintiff the day before. The auditor found that the sister told the manager "just what had happened" to the plaintiff. Thus information of a contention that the plaintiff had been made ill by eating food purchased in the defendant's restaurant was brought to the agent whom the defendant corporation had made manager of its restaurant. The agent's knowledge of that contention, in the circumstances appearing, is to be imputed to the principal, the defendant. *Jamrog* v. *H. L. Handy Co.* 284 Mass. 195, 199–200. *Sarna* v. *American Bosch Magneto Corp.* 290 Mass. 340. *Hopkinson* v. *First National Bank of Provincetown*, 293 Mass. 570.

The defendant, at the time it received the letter from the plaintiff's attorney, must be taken to have had full knowledge of what had earlier been communicated by the plaintiff's sister to the manager of its restaurant. The letter specifically referred to information in the possession of the defendant as to the plaintiff being made ill by food purchased at the defendant's store. The trial judge was warranted in concluding that with knowledge of what the sister had told the manager, the defendant's officers, agents or attorneys upon reading the letter would be able to identify the transaction of sale in which the letter by fair implication contended there was a breach of warranty, to make adequate investigation and to determine whether there was any such transaction of sale and whether the contention that there was a breach of warranty was well founded.

The question whether the notice was sufficient was a mixed question of law and of fact. We think that the facts

found by the auditor with reasonable inferences therefrom warranted the trial judge in finding that a sufficient notice was given to the defendant, and that there was no error in the refusal to give the rulings requested by the defendant.

*Exceptions overruled.*