FELIX ANDREWS *vs.* ANTONIE MIGUEL & others.

Bristol.    October 24, 1938. — May 23, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Trust,* What constitutes, Breach.

A mortgagee who, upon a sale of the property, discharged his mortgage, took from the purchaser a new note and mortgage given as part of the purchase price, and agreed in writing that the seller should be entitled to a specified sum out of the proceeds of the new instruments, was a trustee thereof for the seller as to that specified amount.

A mortgagee who held the note and mortgage partly for his own benefit and partly as trustee for another, and an insurance company insuring the mortgaged property against fire, were both liable for breach of trust to the *cestui* thereof in the full amount of his beneficial interest upon their carrying out a scheme whereby, after a fire loss in an amount less than the note, the mortgagee was paid by the company the value of his own interest and assigned the note and mortgage to the company.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated September 25, 1934.

The defendants Miguel and Provident Fire Insurance Company appealed from a final decree entered by order of *Brown*, J.

*H. W. Cole*, for the defendant Provident Fire Insurance Company.

*I. H. Simon*, for the defendant Miguel.

*A. E. Seagrave*, (*M. A. Westgate* with him,) for the plaintiff.

LUMMUS, J. The plaintiff owned land and buildings, subject to a mortgage to the defendant Miguel for $500. On July 28, 1934, the plaintiff conveyed the property to one Almeida in consideration of $200 and a mortgage note and mortgage for $2,800 thereon, running to the defendant Miguel, who discharged his earlier mortgage for $500. The defendant Miguel agreed in writing with the plaintiff that the plaintiff was entitled to $2,300 out of the proceeds of the mortgage note and mortgage, leaving the value of Miguel's beneficial interest at $500.

The buildings were covered to the amount of $2,500 by a policy of fire insurance issued by Provident Fire Insurance Company to the plaintiff on June 23, 1934, and duly assigned by him to Almeida when the latter bought the property. The policy was payable in case of loss to the defendant Miguel as mortgagee, as "the interest of the above named mortgagee may appear under present or any future mortgage."

On September 2, 1934, a fire injured the buildings to the extent of $2,360. Provident Fire Insurance Company, knowing through its agent Pimental of the interest of the plaintiff in the mortgage, paid the defendant Miguel $500, the whole amount of his individual beneficial interest, and obtained from him an assignment, dated September 18, 1934, to its attorney of the mortgage note and mortgage. The findings, which were supported by the evidence, and the final decree import that Pimental, who was a local agent for the insurance company, acquired a knowledge of the interest of the plaintiff before the fire and

retained that knowledge while actively engaged in procuring the assignment from the defendant Miguel for the benefit of the insurance company. *Hopkinson* v. *First National Bank of Provincetown*, 293 Mass. 570, 573.

The suit was brought on September 25, 1934. Later Provident Fire Insurance Company and others were brought in as defendants. The final decree ordered the defendants Miguel and Provident Fire Insurance Company to pay to the plaintiff $2,300 with interest and costs. Both appealed.

Provident Fire Insurance Company as insurer was responsible for the entire fire loss to Miguel as mortgagee. He held for his own benefit to the extent of $500 and as trustee for the plaintiff to the extent of $2,300. Instead of performing its contractual obligation, it devised a scheme by which it attempted to limit its liability to $500, and to obtain the plaintiff's beneficial interest in the mortgage for itself. This scheme involved a breach of trust on the part of Miguel, induced by Provident Fire Insurance Company. For this breach of trust both are liable to the plaintiff. The findings do not purport to be complete (*Birnbaum* v. *Pamoukis*, 301 Mass. 559), and the relief given is supported by evidence warranting a finding that the interest of the plaintiff was worth its face value of $2,300. The judge was not required to give the defendants an opportunity to rescind their acts in breach of the trust and to attempt to restore the plaintiff to his earlier rights. Those who participate in a breach of trust may be held to respond in damages.

*Decree affirmed with costs.*