Hibbard, P. J.
This is an action of contract in which the plaintiff elected to proceed in contract to recover damages for personal injuries alleged to have been sustained by him by reason of the presence of a nail contained in a cake sold to him by the defendant. The action is in reality based upon an implied warranty as to the fitness of the cake for consumption by the plaintiff.
There was evidence for the plaintiff tending to show that his housekeeper on August 12, 1940, acting as the plaintiff’s agent, purchased a cake of the defendant’s salesman and that on the 14th day of August the plaintiff while eating the cake bit on a bent nail, injuring his upper right gum which penetrated between two teeth. The cake was manufactured by the defendant, wrapped in cellophane and newly cut at the time of the injury.
*144 , The. Trial Judge, found, "for the plaintiff and filed a finding, the material parts of which are as follows:
“At the trial there was evidence tending to show that plaintiff on August 12, 1940, purchased a cake of one Adams, defendant’s salesman, and on August 14, in eating a piece of said cake, bit on a nail in the cake, which was newly cut and just then taken out of a cellophane wrapper in which it was sold, and was injured; that the next day he informed said Adams that he had been injured by biting on a nail on the previous day in the cake which said Adams sold bim on the 12th. Adams reported the injury and its • alleged cause to the company, the defendant, and a Mr. Chaseau from the defendant company came out to Warren to see the plaintiff; that in making said sale and in making said report to defendant company, said Adams was acting as agent for defendant in the scope of his employment; that the nail, which was a bent nail, penetrated plaintiff’s jaw on the right side between two teeth and the wound bled profusely; that on the day after the injury plaintiff went twice to a dentist in Warren to stop the bleeding and on September 9 went to a dentist in Worcester who found that the wound had completely healed but that plaintiff complained of soreness at one of the teeth at the side of the wound and this dentist advised plaintiff to have the tooth extracted if the soreness continued; that the tooth continued sore for four weeks, at the end of which time a dentist in Springfield examined the tooth and extracted it; that during this four weeks plaintiff suffered pain every time he tried to bite with that tooth and that it ached all the time and that he walked the floor most of the nights.
“There was also evidence tending to show that plaintiff was a wounded veteran of the World War and had part of his right jaw shot away by machine gun fire; that a sinus had been removed as a consequence and that the whole right side of his face was abnormally sensitive including the portion where the nail penetrated but- that this tooth had been all right *145 up to the time of this injury and nothing else had happened to cause it to be sore; that before the injury plaintiff could chew meat and solid food of every kind but that after the injury and after losing the tooth he could eat only soup and soft food and had lost 16 pounds; that it will be very difficult on account of the condition of his jaw to fit him with artificial teeth.
“There was also evidence tending to show that before the accident plaintiff had very slight percentage of occlusion of his teeth in that he had only 7 per cent occlusion; that this tooth was the only tooth that met another but he could chew meat and other solid food so that he had no difficulty in eating so long as he had that tooth.
“Plaintiff was not employed so there was no loss of wages. There was no evidence of the cost of fitting him with artificial teeth nor of how much of his need for artificial teeth was caused by the loss of this tooth and how much by the the loss of other teeth. There was no evidence of any unsoundness of the tooth in question and both the dentist who testified for the plaintiff and the dentist who testified for the defendant, both of whom examined the tooth, stated that the tooth appeared all right except for the alleged soreness complained of after the accident.”
The defendant seasonably filed certain requests for rulings which with the comment of the trial judge were as follows:
“Defendant submitted the following requests for rulings and findings, certain numbered requests being omitted as applicable to an action of tort, viz:
‘2. The commodity alleged to have been sold to the plaintiff by the defendant was not inherently harmful or dangerous. ’
I find as requested.
‘3. If it be a fact that the commodity sold to the plaintiff by the defendant contained a substance which *146 injured the plaintiff, there is no evidence to show how or when it came there. ’
I refuse this finding. There was evidence that the cake was wrapped in cellophane and sealed when it was sold to plaintiff and that the seal was broken and the cellophane wrapper removed at the time it was eaten. I find that the nail was in the cake before its sale to plaintiff.
‘5. If it be a fact that the commodity sold to the plaintiff by the defendant contained a substance which injured the plaintiff, the cause of its so being contained is conjectural. ’
I so find, but this is immaterial if placed in the cake before its sale to plaintiff.
‘7. If it be a fact that the commodity sold to the plaintiff by the defendant contained a substance which injured the plaintiff, whether said substance became so contained during the process of manufacture or after or before or after sale is a matter of speculation and surmise. ’
See my finding in 3 above.
‘8. The plaintiff has not proven the giving of notice under the requirements of G. L. C., Sect. 38.’
I find that the plaintiff on the next day after the injury informed defendant’s salesman from whom he bought the cake, of the time and character of the injury, the time and circumstances of the purchase and the article purchased being identified in the information given said salesman. I rule that this was sufficient notice.
‘9. There was no breach of warranty on the part of the defendant running to and enuring to the benefit of the plaintiff because the contract of sale if any was made between Miss Keizer and the defendant. ’
There was testimony on the part of plaintiff that ‘we, Mrs. Keizer and I, bought the cake of the sales *147 man Adams’ that plaintiff bought goods from defendant’s truck which stopped there every day; that Mrs. Keizer was his housekeeper. Mrs. Keizer testified that she bought the cake. I find that she bought the cake as plaintiff’s agent and that plaintiff was the purchaser and recipient of the implied warranty, and that there was a breach thereof.”
The issues thus presented were stated at the bar by the defendant to be:
(1) Should it be ruled as a matter of law that there was no breach of a warranty between the plaintiff and defendants ?
(2) Should it be ruled as a matter of law that the plaintiff has not proven the giving of notice under the requirements of General Laws (Ter. Ed.) chapter 106, section 38?
There can be no question but that under the circumstances here found there was an implied warranty of the fitness of the cake for human consumption. A long line of cases support this statement of which it is not necessary to name other than Holt et al., executors, v. George A. Mann, 294 Mass. 21.
There was no prejudicial error in the refusal of the trial judge to rule as requested by the defendant and as to this aspect of the case.
The second matter calling for consideration is the question whether the notice given to the defendant by the plaintiff was given within a reasonable time and sufficient for the purpose.
Whether the notice was given within a reasonable time is a question of fact. Guthrie v, Newberry, 297 Mass. 245. The trial judge has found affirmatively as to this element and his decision is not open to our review.
*148 The remaining element is whether the notice was sufficient.
The Sales Act (G. L. Gh. 106, sec. 38) does not prescribe the form or specify the contents of the required notice. Guthrie v. Newberry, 297 Mass. 245; Johnson v. Kanabos, 296 Mass. 373. It need not necessarily be in writing. Jamrog v. Sandy Co., 284 Mass. 195. It has even been held that an oral notice repeating what had been told to the buyer by someone else may in some circumstances be held adequate. Johnson v. Kanabos, 296 Mass. 373. Complaints as to the quality of what was sold may be found to amount to an adequate notice if in the circumstances appearing the complaints are of such a character as reasonably to inform the seller of the buyer’s intention to claim damages for a breach of warranty. Guthrie v. Newberry, 297 Mass. 245. An express claim of damages is not necessary if it is reasonably inferred from the notice that the buyer is asserting a violation of his legal rights. Guthrie v. Newberry, 297 Mass. 245. The burden of proof as to the sufficiency rests on the plaintiff. Jamrog v. Handy Co., 284 Mass. 195.
It should be said in passing that the instant action is dissimilar to Fishbein v. Connelly’s Inc., cited by the defendant in his brief and published in volume 3, no. 2 of the Massachusetts Appellate Division Reports at page 86.
Applying these principles to the facts as disclosed in the report and in the finding of the trial judge, it appears clear that the defendant’s salesman from whom the cake was purchased was notified by the plaintiff of the presence in the cake of the nail and the defendant must be held to have had full knowledge of this as well as of the fact that an injury had been received of a serious character because of the personal visit of a representative of the defendant *149 at the home of the plaintiff. The trial judge was warranted in concluding that sufficient information had been communicated to the defendant to identify the sale, to make clear that the plaintiff claimed a breach of warranty and to apprize it of the injuries. All of this information gave to the defendant an opportunity to make adequate investigation, to determine whether there was any such transaction or sale and whether the contention that there was a breach of warranty was well founded. The requirements of the statute as to notice were thus satisfied. We have concluded that the notice was not only given within a reasonable time but that it was sufficient for its purposes and that there was no prejudicial error in the refusal of the trial judge to give the requested rulings by the defendant to the contrary. There being no prejudicial error shown, the report is to be dismissed.