Hibbard, P. J.
The report presents this case to us in large part through quotations from the Trial Judge’s Findings of Fact. The material ones are as follows:
“This is an action of tort or contract, the plaintiff’s declaration setting out a count in contract and a count in tort, both being for one and the same cause of action.
“The defendant corporation was engaged in the business of selling candy in Holyoke, Massachusetts.
“The plaintiff went into the defendant’s store on March 1,1941, and bought, through one of defendant’s sales clerks, a box of candy wrapped and sealed in cellophane and bearing a certain printed legend on it, clearly legible through the wrapping. Among the printed data on the box appeared the following: ‘Mary Taylor Miniatures. . . . Packed Expressly for Candy Mart, Inc. ’
“The next day the plaintiff bit into one of the candies in the box bought of the defendant, a slight piece or chip of or from one of his teeth was broken off, and he took *484 the candy out of his mouth, examined it and found a small piece of metal, about one fourth of an inch in length, about one eighth of an inch in width, and less than one sixteenth of an inch in thickness, imbedded in the candy. The plaintiff testified that the piece of metal went slightly into the upper gum of his mouth and caused some bleeding, and that then and thereafter he suffered some pain, that, since this episode, when he bites a crust of bread, he ‘feels pressure’, and has difficulty in smoking a pipe and cigars. There was no evidence that he was ever treated by a doctor or dentist.
“I find, however, that because the defendant was a dealer, and the plaintiff a buyer at retail, ‘there arises inevitably the implication that the plaintiff made known to the defendant’, through the defendant’s agent and employee, ‘That he was purchasing’ the candy ‘for consumption as food and that he was relying, because from the nature of the transaction he was bound to rely, upon the skill of the defendant in selecting the “box” which was offered to him’. The plaintiff did not buy the box of candy in question by a trade name but it was one of a number of similar boxes carried in stock and on display by the defendant, all such boxes being similarly wrapped and sealed in cellophane and bearing identical printed matter.
“I find that there was a breach of defendant’s implied warranty that the candy it sold the plaintiff was reasonably fit for the purpose, known to the defendant, for which the candy was required, and that by reason of such breach the plaintiff sustained damage.
“I find that, on March 10,1941, counsel for the plaintiff mailed a letter on his professional letter-head to the defendant, and that the defendant received such letter in due course of mail. This letter read as follows:
‘Candy Mart, Inc. 347 High Street Holyoke, Massachusetts
‘ Gentlemen:
‘Kindly be advised that I have this day been retained by Mr. Valmore J. Dubuc in the matter of his claim *485 for injuries sustained to his mouth and teeth as a result of having eaten a chocolate candy in which was found embedded a piece of steel or metal. This candy was found in one of your packages labeled “Mary Taylor Miniatures.”
‘Before taking further steps in this matter I would be pleased to discuss this claim with your representative at an early date.
Very truly yours,
Paul Jed.’
“I find that the letter quoted above constituted a sufficient notice under the provisions of Chapter 106, section 38 of the General Laws.
“Accordingly I find for the plaintiff on the first count of his declaration and assess damages in the sum of fifty dollars.”
The defendant seasonably filed three requests for rulings which were severally denied. They were of the following tenor:
“1. The evidence does not warrant a finding for the plaintiff on count one of his declaration.”
“3. The evidence does not warrant a finding that the plaintiff gave the defendant a sufficient notice of breach of warranty as required by G. L. (Ter. Ed.) c. 106, s. 38.”
” “6. The evidence does not warrant a finding that the plaintiff gave a sufficient notice of breach of warranty to the defendant within a reasonable time after he knew or should have known of such breach.”
The defendant claiming to be aggrieved by the Court’s refusal to rule in accordance with the above rulings requested a report.
It is obvious that this case turns entirely, so far as this Court is concerned, upon the question whether the notice *486 as set forth in the letter above quoted was proper and sufficient. In General Laws (Ter. Ed.) ch. 106, section 38, it is provided that “If after acceptance of the goods the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor. ’ ’
The question of whether a notice is sufficient is a mixed question of law and fact. Guthrie v. J. J. Newberry Co., 297 Mass. 245 at 249. That the notice in the instant action was given within a reasonable time, that it advised the defendant of the alleged defect and specified with reasonable particularity the nature of the breach have all been found by the Trial Judge and these findings must stand. There are however other factors which are elements in a proper notice. There is no reference to a particular sale. In Idzykowski v. Jordan-Marsh Company, 279 Mass. 163 it is said “When a purchaser wishes to avail himself of an alleged breach of warranty, the notice of the breach required by General Laws, ch. 106, sec. 38 to be given to the seller must refer to particular sales”. We do not understand this to be a mere dictum but a binding declaration that for a notice to be proper and sufficient there must be reference to a particular sale. In fact in the instant case there is no reference to any sale. So far as the notice is concerned, the candy might have been given to the plaintiff by a third person.
It is true that the statute does not prescribe the form or specify the contents of the required notice; that it need not necessarily be in writing and there need be no express claim of damages. Guthrie v. J. J. Newberry, 297 Mass. 245. Nevertheless the purpose of the statutory requirement of notice is the protection of the seller against belated claims for damages. This presupposes definite statements as to *487 a sale. Otherwise there could scarcely be any implied warranty and an equally definite statement of the time when the alleged purchase was made. That this is a correct statement of the law seems clearly to be indicated in both Guthrie v. J. J. Newberry Co., 297 Mass. 245, and also in" Jamrog v. H. L. Handy Co., 284 Mass. 195. It is a fair inference from the opinions in both of these cases that the notices taken by themselves were not considered as sufficient. However information supplementary to the formal notice was considered in both cases as validating the notice. In the instant action the plaintiff must depend upon his notice alone. All that his notice accomplished was to inform the defendant that he had sustained injuries to his mouth and teeth as a result of having eaten the chocolate candy in which was imbedded a piece of steel or metal and that the candy was found in one of the defendant’s packages label-led “Mary,Taylor Miniatures”. Then following the language which could be considered in the nature of a claim for damages.
At the risk of repetition, it is clear that the notice did not indicate the candy in question was purchased from the defendant, did not refer to any particular sale and gave no information as to a date of purchase. In Morin v. Stromberg, 1941 A. S. 921, the Court in holding the notice in the case sufficient adds the following: "The day, hour and place when and where the food was eaten were also stated”. This decision gives added emphasis to statements heretofore made.
In the opinion of this Court the notice was not proper and sufficient and there was prejudicial error on the part of the Trial Judge in refusing to grant the defendant’s first and third requests. The finding for the plaintiff is vacated and judgment is to be entered for the defendant.