## MARY E. SKINNER *vs.* LEONARD V. TIRRELL.

Suffolk.    May 31, 1893. — September 7, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Money advanced to Wife living apart from Husband — Equity — Subrogation.*

A., who had advanced money to B.'s wife while living apart from B., which money
the wife had expended for necessaries, sought to be subrogated in equity to the
rights of the persons furnishing the necessaries, and prayed that B. might be
ordered to pay her (A.) the amount so advanced. *Held,* that the bill could not
be maintained either on the ground of subrogation or of a general equity.

MORTON, J.    This is a bill in equity, in which the plaintiff,
who has advanced money to the defendant's wife while living
apart from her husband, which she expended, it is alleged, in the
purchase of necessaries, seeks to be subrogated to the rights of
the persons furnishing the necessaries, and prays that the defend-
ant may be ordered to pay to her the amount so advanced.    The
defendant demurred to the bill.    The demurrer was sustained
and the bill was dismissed, and the plaintiff appealed.

The demurrer was a general one, and it was claimed at the
argument, as one ground of it, that the bill did not set out suffi-
cient facts to show that the wife was living apart from her hus-
band for justifiable cause.    Without considering whether this
objection was well taken, we assume that, if valid, it could be
removed by amendment.    The question then is whether the bill,
if amended so as to remove this objection, can be maintained
either on the ground of subrogation or on the ground of a gen-
eral equity.    We think it cannot stand on either.

There can be no subrogation unless there is something to be
subrogated to.    A debt or liability cannot be created where none
existed for the purpose of effecting a substitution.    There never
was any liability on the part of the defendant to the parties who
furnished the wife with the necessaries.    The goods were sold
to her and were paid for by her.    They were not furnished on
the defendant's credit, but on the wife's.    The money that was
advanced by the plaintiff was not advanced to the parties who

furnished the necessaries, but to the wife, to be expended by her as she saw fit.   There is no ground, therefore, for the application of the doctrine of subrogation.   Although the right of subrogation does not depend on contract, but rests on natural justice and equity, there must be either an agreement, express or implied, to subrogate, or some obligation, interest, or right, legal or equitable, on the part of the party making the payment or advance in respect of the matter concerning which payment is made or money advanced, in order to entitle him to subrogation.  *Hart* v. *Western Railroad*, 13 Met. 99.   *Amory* v. *Lowell*, 1 Allen, 504.   *Wall* v. *Mason*, 102 Mass. 313.   *Ætna Ins. Co.* v. *Middleport*, 124 U. S.·534.   *Gans* v. *Thieme*, 93 N. Y. 225, 232. *Arnold* v. *Green*, 116 N. Y. 566.   *Nolte* v. *Creditors*, 7 Mart. (N. S.) La. 602.   *Johnson* v. *Barrett*, 117 Ind. 551.   *McNeil* v. *Miller*, 29 W. Va. 480.   *Miller's appeal*, 119 Penn. St. 620. *Suppiger* v. *Garrels*, 20 Bradw. (Ill.) 625.   *Gadsden* v. *Brown*, Speers Eq. 37, 41.   *De Concilio* v. *Brownrigg*, 25 Atl. Rep. 383. *Brewer* v. *Nash*, 16 R. I. 458, 462.   *Blackburn Building Society* v. *Cunliffe*, 22 Ch. D. 61.   *Stevens* v. *King*, 84 Maine, 291. Sheldon on Subrogation, §§ 2, 3, 240.

A mere volunteer is not entitled to subrogation.   *Ætna Ins. Co.* v. *Middleport*, *Arnold* v. *Green*, and *Gadsden* v. *Brown*, *ubi supra*.   Sheldon on Subrogation, §§ 241, 242, and cases cited. Nor is one who lends money to another to pay a debt entitled as a matter of right to stand in the creditor's shoes.   Sheldon on Subrogation, §§ 241, 242, and cases cited.   So far as subrogation is concerned, the plaintiff's contention resolves itself into the proposition that the defendant's wife could have bought on her husband's credit the necessaries which she purchased and paid for with the money advanced to her by the plaintiff; that if the plaintiff had paid the parties supplying the necessaries their several demands, she would have been entitled to be subrogated to their claims against the defendant; and that therefore a decree should be entered in her favor against the defendant in this suit. If the premises are correct, manifestly the conclusion does not follow from them.

There are ancient and modern cases in England which hold that a person advancing money to a married woman under circumstances like those in this case can recover the same of the

husband in equity. *Harris* v. *Lee*, 1 P. Wms. 482. *Marlow* v. *Pitfeild*, 1 P. Wms. 558. *Deare* v. *Soutten*, L. R. 9 Eq. 151. *Jenner* v. *Morris*, 3 DeG., F. & J. 45. See also *In re Wood*, 1 DeG., J. & S. 465.

These cases have been followed in this country in Connecticut, (*Kenyon* v. *Farris*, 47 Conn. 510,) and there is a dictum in a case in Pennsylvania. *Walker* v. *Simpson*, 7 Watts & Serg. 83. To the same effect certain text writers, also following the English cases, have stated the law to be as there held. 1 Bish. Mar., Div. & Sep. §§ 1190, 1191. Pom. Eq. Jur. §§ 1299, 1300. 2 Kent Com. 146, note. Schouler, Domestic Relations, § 61, note. But those cases do not appear to us to rest on any satisfactory principle. It was apparently conceded by the Lord Chancellor in *Jenner* v. *Morris, supra*, that they did not. He seems to have yielded to them simply as precedents which he was bound to follow. The earliest one, *Harris* v. *Lee*, on which the subsequent ones rely, referred the jurisdiction, without much discussion or consideration of it, to the principle of subrogation. For reasons already given, we think that principle inapplicable. It is said that equity has jurisdiction, because there is no remedy at law. It is admitted that there is none at law. But it is contended that the defendant was bound to furnish his wife with necessaries; that the money which the plaintiff advanced to her was actually expended in good faith by her for necessaries; that it will be no hardship upon the defendant to be obliged to pay for necessaries which the law would have compelled him to furnish; and that in the interests of justice equity should compel him to pay the plaintiff the sums which she has advanced. In effect this is the same as saying that in equity money advanced to a wife living separate from her husband and for justifiable cause, and expended by her in good faith in the purchase of necessaries, should itself be regarded as necessaries and recoverable accordingly. At law it is clear that money is not necessaries, and that a married woman living separate from her husband cannot borrow money on his credit to purchase necessaries. What is necessaries must be the same in equity as at law. It cannot be one thing on one side of the court and another thing on the other. There may be strong reasons why married women, compelled by their husbands' misconduct to live apart from them, should

be allowed to borrow money on their husbands' credit for the purchase of necessaries. It is for the Legislature, if it deems it advisable, to give them such power. In this State they are not without a remedy in such cases. The Probate Court may, upon their petition, order the husband to pay to them from time to time such sums of money as it deems expedient for their support. Pub. Sts. c. 147, §§ 33 *et seq.* It is possible that this statute should be taken as a declaration of the legislative sense that a married woman living apart from her husband should obtain money for necessaries through the aid of the Probate Court, and not by pledging his credit. However that may be, a majority of the court can discover no satisfactory ground on which jurisdiction in equity of the present suit can rest.        *Decree affirmed.*

*J. D. Long & E. C. Bumpus*, for the plaintiff.

*H. Kingman*, for the defendant.