ARTHUR P. FRENCH *vs.* GEORGE VON L. MEYER.

Suffolk.    January 12, 13, 1915. — March 2, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Attorney at Law. Agency,* Scope of authority. *Contract,* What constitutes, Construction, Implied.

An authorization of an attorney by a client to pay such expenses as may be necessary in the conduct of certain litigation does not authorize the payment by the attorney of an execution for costs issued against the client at the termination of the litigation.

Where, before entering upon certain litigation in the federal courts in Oregon relating to land in that State, a client of an attorney at law agrees that he will reimburse his attorney for "whatever expense" becomes "necessary in the carrying on" of the case, "whatever" he has "to pay out in the way of cash expenses," and, upon the litigation resulting unfavorably for the client in the lower court, he authorizes an appeal and with a surety signs an appeal bond, if, upon the appeal also resulting unfavorably to the client and an execution for costs issuing against him which is paid by the surety and for the repayment of which to the surety the client is liable, the attorney reimburses the surety, such payment is made by the attorney as a volunteer and he cannot recover from his client the amount so paid to the surety because he was not authorized to make the payment in behalf of the client and the client did not promise to reimburse him therefor.

CONTRACT by an attorney at law against a former client upon an account annexed consisting of three items, the first of which was for $1.20 paid to the clerk of the United States Circuit Court of Appeals in Oregon. The second item was for "cash paid American Surety Company of New York at your request, to reimburse said company on appeal bond in Klamath Falls Land case, $584.59." The third item was for "services on Klamath Falls Land case, $250." Writ in the Municipal Court of the City of Boston dated December 12, 1913.

On removal of the case to the Superior Court, it was tried before *Bell,* J. It appeared that the litigation with regard to the "Klamath Falls" land consisted of two suits in the Circuit Court of the United States for the District of Oregon. The plaintiff testified that, in a conversation with him at his office in 1907, before the litigation was begun, the defendant said to him in

substance "that whatever expense became necessary in the carrying on those cases in Klamath Falls, whatever I had to pay out in the way of cash expenses that Mr. Meyer would reimburse me for."

The cases in Oregon resulted, in the first instance, in a decision of the court in Oregon against Mr. Meyer. An appeal from that decision was claimed to the United States Court of Appeals. Six months were allowed between the time of the claim of the appeal and the final perfecting of the papers, within which it was necessary to file an appeal bond. Such a bond was prepared, signed by Mr. Meyer, signed also by the American Surety Company as surety, and sent out to the court in Oregon. After a hearing in the Court of Appeals, it was decided that that bond was filed one day late, and that therefore the appeal never had been perfected properly, and a judgment for costs was entered against Mr. Meyer, which was covered by this bond. Thereupon Mr. Meyer as principal and the American Surety Company as surety, became liable for the amount of this judgment for costs, which was $584.59. Mr. Meyer was not informed of this judgment for costs.

The defendant contended that the payment set out in the second item in the account annexed to the declaration was not a necessary expense of the litigation but was the payment of a judgment for costs upon which execution could issue against the defendant in the cases in the United States Circuit Court of Appeals and that the payment was unauthorized.

Other material facts are stated in the opinion.

At the close of the evidence the defendant asked for the following rulings among others:

"1. Upon all the evidence the plaintiff is not entitled to recover."

"7. An authorization to pay such expenses as may be necessary in the conduct of a case does not authorize the payment by an attorney of an execution for costs, and the plaintiff cannot recover.

"8. If Meyer said to French that he wanted him to pay such expenses as might be necessary in the conducting of the cases of Wright against Meyer and Hot Springs Company against Meyer, that did not authorize French to pay the costs upon an execution

for costs in that suit to the surety on the bonds or to the plaintiff in those cases, and the plaintiff in this case cannot recover except on . . . item one in the declaration."

The rulings were refused. Only the first two items of the account were submitted to the jury. The jury found for the plaintiff in the sum of $601.90; and the defendant alleged exceptions.

*E. R. Anderson,* (*H. Guild* with him,) for the defendant.

*F. L. Norton,* for the plaintiff.

BRALEY, J. The plaintiff's general employment as an attorney at law authorized him to institute the actions brought in the defendant's behalf to obtain title to the lands, and to take all necessary steps for the protection and promotion of his client's legal rights during the litigation. *Shores* v. *Caswell,* 13 Met. 413. *Barrett* v. *Towne,* 196 Mass. 487, 490. It is unnecessary, however, to consider whether under *Grosvenor* v. *Danforth,* 16 Mass. 74, and *Adams* v. *Robinson,* 1 Pick. 461, he also possessed as between himself and the defendant implied authority to take appeals from the adverse decision of the trial court if he deemed the judgment erroneous. See *Tobler* v. *Nevitt,* 45 Col. 231; 16 Ann. Cas. 925, and note for a collection and review of cases. The defendant executed the appeal bonds, and the evidence of the parties would have warranted the jury in finding that the appeals were taken and prosecuted at the defendant's express request. While there was no point of time before final judgment when the plaintiff ceased to be the defendant's attorney, the scope of his agency depends upon his instructions originally given and not withdrawn when the defendant determined to appeal. Independently of such instructions the defendant while chargeable with expenses and fees for professional services required for the perfection and prosecution of the appeals, would not be responsible to the plaintiff for disbursements necessary to satisfy the judgment for costs imposed on the defendant by the appellate court because the appeals were not seasonably entered.

If we now recur to the plaintiff's evidence, the jury could find that, at an interview before suit was brought, the defendant promised to reimburse the plaintiff for all expenses necessary to carry on the cases, and whatever he had to pay by way of disbursements would be refunded. But when the defendant upon consultation with the plaintiff decided to appeal, no further in-

structions were given. The possibility that the appeals might be unsuccessful may have been within the contemplation of the parties, but the contingency that they might fail, because not perfected, was foreign to their thought.

The plaintiff apparently did not notify the defendant of the payments until two or three years had elapsed, and there is no evidence from which acquiescence or ratification, the equivalent of original authority, could be found. *Cohen* v. *Jackson,* 210 Mass. 328, 331.

The result is that, the payments having been voluntary, the defendant is under no legal obligation to make reimbursement, and his first, seventh and eighth requests should have been given. *Foote* v. *Cotting,* 195 Mass. 55, 61.

The exceptions to the admission and exclusion of evidence, and the refusal to give the remaining requests, and to the instructions, require no comment for reason sufficiently stated.

*Exceptions sustained.*