WILLIAM F. BARTHOLOMEW *vs.* GEORGE R. STOBBS, executor, & others.

Suffolk.    May 10, 1932. — October 27, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Contract,* Implied, Volunteer. *Partnership. Executor and Administrator. Equity Jurisdiction,* Payment by volunteer for benefit of another.

The bill, in a suit in equity against a partnership of which the plaintiff was a member and against the executor of the will of one of the partnership's customers, contained allegations that there had been a deficiency in the customer's account with the partnership; that, after the customer's death and at a time when the plaintiff was ignorant thereof, a transfer was made from the plaintiff's account with the partnership to the customer's account in order to make good the deficiency; and that later, in an action by the executor against the partnership in which it was refused a set-off of the amount so transferred to the customer's account, the executor recovered judgment for a balance due the customer on his account, which was less in amount than the sum so transferred. There were no allegations showing that, with respect to such transfer, the plaintiff was other than a mere volunteer. The plaintiff sought a judgment against the executor and sought to have the partnership ordered to pay to the plaintiff the amount due from it to the executor. Upon demurrer, it was *held,* that

(1) The unsought transfer, and the acceptance and retention by the executor of the benefit to the customer's estate resulting therefrom, in the circumstances did not create an obligation enforceable by the plaintiff at law, nor furnish to him any ground for relief in equity;

(2) The plaintiff was not entitled to recover the amount of the transfer on the ground that the customer's estate had been unjustly enriched;

(3) The plaintiff's ignorance of the customer's death was immaterial: the plaintiff had no greater rights against the executor than he would have had against the customer himself;

(4) The circumstance that the transfer was made for the customer's benefit from the account of the plaintiff, an individual, to a partnership of which the plaintiff was a member, was immaterial;

(5) It was proper to sustain the demurrer and to dismiss the bill.

BILL IN EQUITY, filed in the Superior Court on December 1, 1931, and afterwards amended, described in the opinion.

The defendant executor demurred to the amended bill. The demurrer was heard by *Pinanski*, J. By his order there were entered an interlocutory decree sustaining the demurrer, and a final decree dismissing the bill. The plaintiff appealed from each decree.

*R. W. Frost*, for the plaintiff.

*L. E. Stockwell*, for the defendants.

FIELD, J. This suit in equity against George R. Stobbs, executor of the will of Carl Bonney, and the members of the firm of Clark, Childs and Company was begun December 1, 1931. The bill alleges that Bonney died October 30, 1928, and that Mr. Stobbs was appointed executor and gave bond which was approved November 21, 1928.

The bill alleges also that the deceased had two accounts with Clark, Childs and Company, a "commodity account" and a "security account," that at the moment of his death there was a deficiency in the "commodity account" in the amount of $4,000 which was made good upon transfer of credits from the plaintiff's account with Clark, Childs and Company, that this transfer was made at a time when the plaintiff was ignorant of the death of Bonney, that after the death of Bonney his executor ordered a sale of bonds held as collateral security on the "security account" and demanded the credit balance on the two accounts which then amounted to $2,808 as a result of the transfer of credits by the plaintiff and the sale of the bonds held as security, that an action was brought by the executor to recover this amount from Clark, Childs and Company who

in this action were refused a set-off of the claim of the plaintiff, one of the partners in the firm, for $4,000 on account of the transfer of his credits, and that the executor has recovered judgment against the firm for $2,808. There are further allegations that the plaintiff advanced money to Bonney during his lifetime and that Bonney made some repayments on account thereof.

The plaintiff prays that the executor be restrained from collecting the judgment obtained by him against Clark, Childs and Company, that the plaintiff have judgment against the executor for the amount due him, and that Clark, Childs and Company be ordered to pay to the plaintiff the amount found due from them to the executor.

The executor demurred on the grounds that the bill does not set forth a cause of action entitling the plaintiff to relief in equity, and that the cause of action is barred by the statutes of limitations set forth respectively in G. L. c. 197, § 9, and in G. L. c. 260, § 11. An interlocutory decree was entered sustaining the demurrer and later a final decree dismissing the bill. The plaintiff appealed.

The demurrer was sustained rightly on the ground that the bill does not set forth a cause of action.

On the allegations of the bill the transfer of credits from the plaintiff's account was made to discharge a debt of the deceased to Clark, Childs and Company. Such a transfer was the equivalent of payment in cash (*Ryan* v. *Whitney*, 257 Mass. 218, 225), but, so far as appears in the bill, the payment by the plaintiff was purely voluntary. There is no allegation that the plaintiff was the agent of the executor, or of the deceased before his death, that the plaintiff acted at the express request of the deceased or his executor, or that the payment was subsequently ratified by the executor. No facts are set forth showing any legal or moral duty on the part of the plaintiff to pay the debt or implying a request by the deceased or his executor for payment thereof. The effect of such allegations need not be considered.

It is settled that an action at law will not lie to obtain reimbursement of a pure volunteer for the gratuitous payment by him of a debt of a defendant. Acceptance and

retention of the unsought benefit resulting from the payment of the debt, without more, do not create an obligation enforceable at law. *Foote* v. *Cotting,* 195 Mass. 55, 60–61. *Newell* v. *Hadley,* 206 Mass. 335, 343–344, and cases cited. *French* v. *Meyer,* 220 Mass. 451, 454. The plaintiff, as a pure volunteer, could not maintain such an action against the executor on the ground that by the payment the executor or the estate which he was administering was unjustly enriched. See *Foote* v. *Cotting,* 195 Mass. 55, 63.

The plaintiff was not the less a volunteer, as between himself and the executor, because of his ignorance of the death of Bonney. He was not, so far as is disclosed by the bill, misled in this particular by the executor. Nor does it appear that the fact in regard to which he was mistaken affected any supposed obligation on his part to make payment to Clark, Childs and Company, for no facts are alleged which, if Bonney had been living, would have given rise to an obligation of the plaintiff to do so. The mistake of fact, therefore, at most, affected the desirability of his making payment. See Williston on Contracts, § 1569, at pages 2775–2778. No facts are set forth by reason of which Bonney would have been bound to reimburse the plaintiff if the payment had been made in Bonney's lifetime. And the plaintiff has no greater right against Bonney's executor. The plaintiff's ignorance of Bonney's death did not give him the right to substitute himself as creditor of the estate of Bonney for the original creditor. See *Massachusetts Mutual Life Ins. Co.* v. *Green,* 185 Mass. 306.

The plaintiff stands no better in equity than at law. This court, without excluding the possibility of other grounds for relief (see *Newell* v. *Hadley,* 206 Mass. 335, 342), has ordinarily based equitable relief where the plaintiff's money was paid by him or used for the benefit of a third person on the principle of subrogation of the plaintiff to the rights of the third person against the defendant. This principle, however, is inapplicable where the plaintiff, as here, is merely a volunteer. See *Newell* v. *Hadley,* 206 Mass. 335, 340, 343; *Fitcher* v. *Griffiths,* 216 Mass. 174, 177; *Ricker* v. *Ricker,* 248 Mass. 549, 552. Compare *Skinner* v. *Tirrell,*

159 Mass. 474–475. Nor can we discover any other satisfactory ground for equitable relief upon the facts alleged. It was suggested in *Newell* v. *Hadley*, that decisions granting relief might be explained on the ground that an owner of money is "allowed to trace his property into the benefit enuring to the defendant, on the principle on which an owner can in equity trace his property into any form into which it has been wrongfully converted." Page 342. But equitable relief cannot be granted on this principle in the present case for no wrongful conversion is alleged. In the cases from other jurisdictions relied on in *Newell* v. *Hadley*, as well as in that case and in other cases in this Commonwealth, where equitable relief was granted, there were material facts not here present which took the plaintiffs out of the class of pure volunteers and raised equities in their favor. Nothing here alleged justifies departure in equity from the principle controlling in actions at law that the "law does not permit the liability of a party for a debt to one person to be shifted so as to make him debtor to another without his consent." *South Scituate* v. *Hanover*, 9 Gray, 420, 421.

The result is not affected by the fact that the plaintiff, who sues as an individual, made the payment in question to a firm of which he was a member.

It is unnecessary to consider the other grounds of demurrer.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*