JOHN W. MACALEESE'S CASE.

. Suffolk.    December 2, 1940. — April 2, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Workmen's Compensation Act*, Medical and hospital services. *Volunteer.*
*Subrogation.*

A contractor who performed work on premises of one insured under the workmen's compensation act and whose injured employee had been awarded compensation to be paid by the insurer under § 18 of the act, was not entitled to recover from the insurer reasonable amounts, paid by him as a volunteer, for necessary medical and hospital services rendered his employee in an emergency incidental to the injury, although the insurer was required to furnish such services under § 30 as amended by St. 1936, c. 164.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board ordering reimbursement of Arthur A. Lamb for payments made by him for medical and hospital services furnished to the employee.

A final decree denying Lamb's claim was entered by order of *Dowd, J.*

*A. S. Allen,* for Lamb.

*G. Gleason,* for the insurer.

QUA, J.    In *MacAleese's Case,* 301 Mass. 25, we held that the employee of one Lamb, who was not insured under the workmen's compensation law, was entitled to compensation from the insurer of H. P. Hood & Sons, Inc., with whom Lamb had a contract to remove a transformer from the

Hood plant. Liability of Hood's insurer was predicated upon the ground that the work under Lamb's contract was performed on the premises of the Hood company and was "part of or process in" and not "merely ancillary and incidental to" the trade or business of that company. G. L. (Ter. Ed.) c. 152, § 18. The case is here again for the determination of a claim by Lamb against Hood's insurer to be reimbursed for medical and hospital services furnished by Lamb to the employee.

The employee had been seriously injured and "was physically helpless to look out for himself in the matter of medical treatment, of which he was in immediate and imperative need." It was a case of emergency. It was necessary that the employee be hospitalized at once. Hood's insurer "denied liability and refused to assume the case." Under these circumstances Lamb procured and paid for treatment for the employee, which the employee accepted for many months, thereby, as the board found, ratifying Lamb's action and selecting the physicians employed through Lamb.

Rights and duties under the workmen's compensation law with respect to medical and hospital services are to be found in G. L. (Ter. Ed.) c. 152, § 30, as amended by St. 1936, c. 164. That section provides in part as follows: "During the first two weeks after the injury, and, in unusual cases or cases requiring specialized or surgical treatment, in the discretion of the department, for a longer period, the insurer shall furnish adequate and reasonable medical and hospital services, and medicines if needed, together with the expenses necessarily incidental to such services." The section further provides that if the employee shall be treated by a physician of his own selection the reasonable cost shall be paid by the insurer, subject to the approval of the department, which shall be granted only if the services were necessary and the charges reasonable. It is agreed that this case required specialized and surgical treatment, and the board has fixed the sum which it finds to be reasonable.

It has now been made certain by the previous decision of this court and by the facts appearing in the present rec-

ord that Hood's insurer was obligated to pay compensation to the employee and to furnish the required medical and hospital services under § 30. But we do not think that it follows that an uninsured contractor in the position of Lamb has any claim under the compensation law to recover, either in his own name or in the name of the employee, sums which he has voluntarily expended in furnishing such services. The amended § 30, while providing for direct payment by the insurer to physicians, contains no provision for the reimbursement by an insurer of third persons who have intervened to furnish and pay for the services which the insurer should have furnished. The uninsured contractor is not a beneficiary under the act in the sense that he can become a claimant seeking payments to himself, even though he is treated as if included in the class of "insured" persons under the peculiar rule applicable to cases arising under § 18. See *Clark* v. *M. W. Leahy Co. Inc.*, 300 Mass. 565. It is the employee himself who is the beneficiary of the medical and hospital services provided for by § 30. If the insurer fails to furnish these services the employee who has paid for them himself may recover under the act what he has paid as part of the compensation due him from the insurer. *Panasuk's Case*, 217 Mass. 589. See *Bruso's Case*, 295 Mass. 531; *Wahlberg* v. *Bowen*, 229 Mass. 335, 337. The right is his. It does not belong to his employer or to some other person who has made him a gift of its equivalent. Whether the employee can still recover from the insurer after some one else has paid for the service is not before us and need not be decided now. A pertinent query is suggested in the insurer's brief in these words: "Suppose a stranger made weekly payments to an employee in amounts equal to what such employee's compensation would have been pending the determination of an insurer's liability, and, after a decision that the insurer was obligated under the compensation act, both the stranger and the employee appeared at the board to claim the compensation benefits due. Would the board have the right to make an award to the stranger and deny the employee recovery, or to order the employee to repay the stranger from the accrued bene-

fits?'' Section 38 of the act provides in part that no ''benefits derived from any other source than the insurer'' shall be considered in determining compensation. *Sensk's Case*, 247 Mass. 232, 234.

There is nothing to show that Lamb has become an assignee of the employee's rights, even if we could assume that those rights were assignable. See, however, § 47. He is not entitled to be subrogated to those rights under general principles of equity. There is nothing to show that he was under any obligation of any kind to furnish and to pay for medical or hospital services. He was not, on any facts disclosed in the record, protecting any interest of his own. He had not been requested by the insurer to pay. So far as the facts appear he was purely a volunteer. A mere volunteer is not entitled to be subrogated to the rights of one to whom he has made payment. *Newell* v. *Hadley*, 206 Mass. 335, 342, 343. *Skinner* v. *Tirrell*, 159 Mass. 474. *Bartholomew* v. *Stobbs*, 280 Mass. 559, and cases cited.

This decision is made without regard to the amendment to § 18 by St. 1939, c. 93, whereby it is expressly provided that the insurer may recover from the uninsured independent contractor or subcontractor ''all compensation benefits and expenses, medical, hospital or otherwise, that it has paid or may become obligated to pay'' on account of any injury to the employee of such contractor. This amendment was enacted too late to apply to this case, but it would seem by casting the ultimate burden upon the independent contractor to furnish an additional reason for reaching the same result in any similar case hereafter arising.

*Decree affirmed.*