Thomas W. Murphy *vs.* Gilchrist Company.

Suffolk. November 6, 1941. — January 27, 1942.

Present: Field, C.J., Donahue, Qua, Dolan, & Ronan, JJ.

*Sale*, Warranty. *Notice.*

The burden is on a buyer of goods to prove that he gave to the seller notice of breach of warranty within a reasonable time after the buyer knew or ought to have known of such breach, as required by § 38 of G. L. (Ter. Ed.) c. 106.

A finding that a buyer of pajamas, which were unfit because they caused a rash, gave to the seller notice of breach of an implied warranty of fitness within the reasonable time required by § 38 of G. L. (Ter. Ed.) c. 106, was not warranted where the evidence was that from the beginning of the rash he "always associated" it "with the pajamas" and that notice was not given until forty days thereafter and twenty-seven days after his physician had expressed the opinion that the rash was a local condition and not a blood condition, and there was no evidence of inability of the buyer to give notice sooner or of excuse for not doing so.

CONTRACT. Writ in the Superior Court dated May 19, 1938.

The case was tried before *Sheehan,* J., who, after the recording with leave reserved of a verdict for the plaintiff in the sum of $1,642, entered a verdict for the defendant and reported the case.

*B. B. Gould,* (*J. Finnegan* with him,) for the plaintiff.

*S. P. Sears,* (*R. Maguire* with him,) for the defendant.

QUA, J. In this action upon an implied warranty of fitness for use of two pairs of pajamas purchased by the plaintiff from the defendant, the judge has reported the question of the correctness of his ruling that notice of the breach was not given by the plaintiff to the defendant within a reasonable time.

The pertinent statute, G. L. (Ter. Ed.) c. 106, § 38 (sales act, § 49), requires notice "within a reasonable time after the buyer knows, or ought to know of such breach." The burden of proving that notice was given within a reasonable time rests upon the plaintiff. *Jamrog* v. *H. L. Handy Co.* 284 Mass. 195, 198. *Putnam* v. *Great Atlantic & Pacific Tea Co.* 304 Mass. 364, 367.

The evidence upon which the plaintiff relies was this: The purchase was made on or about December 14, 1937. The plaintiff wore one of the pairs of pajamas on December 22. The next morning he noticed a rash about the size of a nickel under one arm and one a little larger under the other arm. By the twenty-fifth the rash had covered "great areas" of the plaintiff's body. On the twenty-ninth a physician examined the plaintiff and prescribed an ointment. On January 5, 1938, the physician again saw the plaintiff and expressed the opinion "that it was not a blood condition but a local condition." On January 27 the physician ordered the plaintiff to stop work, which the plaintiff did on January 29. On February 1 the plaintiff, through his wife, returned "part of the garment" to the defendant and "made a report of the above facts" and a claim for damages. The plaintiff testified that "from the beginning he was of the impression that the pajamas caused the injury and he always associated the rash with the pajamas."

In our opinion this evidence would not warrant a finding that the plaintiff gave notice within a reasonable time after

he knew or ought to have known of the breach.  He waited forty days after the beginning of the rash, which even then he "associated" with the pajamas, thirty-four days after he called a physician, and twenty-seven days after the physician expressed the opinion that the rash was a local condition and not a blood condition.  It does not appear that the plaintiff acquired any additional knowledge after that.  During nearly all of this time the plaintiff was working, and there is nothing to show that he was unable to give notice more promptly or that he had any excuse for not doing so.  What is a reasonable time must be determined in view of the circumstances of each particular case and will vary widely in different types of cases.  But in a case of this kind where the buyer has the necessary knowledge and shows no reason for delay the seller may be deprived of the protection which the statute was designed to afford him unless the notice is given more promptly than was done in this case.  *Skillings* v. *Collins*, 224 Mass. 275, 279.  *Lincoln* v. *Croll*, 248 Mass. 232, 236, 237.  *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437, 445.  In comparable cases in which the reasonableness of the time has been held to be for the jury, either the time was shorter or reason for the delay appeared. *Stein* v. *Almeder*, 253 Mass. 200.  *Johnson* v. *Kanavos*, 296 Mass. 373, 376, 377.  *Guthrie* v. *J. J. Newberry Co.* 297 Mass. 245.  See *Learned* v. *Hamburger*, 245 Mass. 461, 471; *Nicholson* v. *American Hide & Leather Co.* 307 Mass. 456, 462, 463; *Morin* v. *Stromberg*, 309 Mass. 146, 148–149.

In accordance with the stipulation of the parties contained in the report judgment is to be entered for the defendant "on the verdict under leave reserved."

*So ordered.*