*228 OPINION.
Sterniiagen:
The Commissioner disallowed the deduction of $25,269.06 because it was not “a claim against the estate incurred or contracted bona fide for an adequate and full consideration in money or money’s worth, within the meaning of section 303 (a) (1) of the Revenue Act of 1926 as amended.” The disallowance is sustained. This amount was not the subject of a claim against the estate, notwithstanding the payment by the estate. The excess debit was in the wife’s account, and was the result of her overdraft. She had independent means and was primarily liable on the account. She was not insolvent. The claim was primarily against her, and the decedent was only a “guarantor” in accordance with the terms of the 1932 letter. By that letter, he “guaranteed” the firm against loss and waived demand upon him and notice of default, giving the firm the right to take from his account to save it from loss in hers. There is no foundation for regarding this as a direct or simple obligation of his irrespective of whether the deficit represented a loss. The arrangement was that she should bear some of the expenses, and he “guaranteed” the firm against loss; not that he was to be the obligor in the first instance of any current deficit. So far as this record shows, he, during life, and his estate, after death, could rightfully resist the firm’s demand for payment of a shortage in the account until by insolvency of the wife or otherwise the firm had a loss. Nonresistance and voluntary payment are not the recognition of a legal claim, and do not per se prove the existence of a claim. United States v. Mitchell, 74 Fed. (2d) 571; Commissioner v. Porter, 92 Fed. (2d) 426; Carney v. Benz, 90 Fed. (2d) 747; Estate of Charles H. Lay, 40 B. T. A. 522.
Since there was no claim against the estate, it is unnecessary to determine whether the consideration was adequate and full in money or money’s worth. It is also unnecessary to determine whether the *229 estate was subrogated to the firm’s right against the wife. Cf. Bartholomew v. Stobbs, 280 Mass. 559; 182 N. E. 846; MacAleese’s Case, 308 Mass. 513; 33 N. E. (2d) 280. Even though’ there were no such right of subrogation after the payment in question, this would not support the deduction.
Other items are abandoned or settled.

Decision toill be entered under Bule SO.