*Municipal Court of the City of Boston*

No. 330839

## MARIANO DiPIERRO d/b/a BACK BAY SPA

### v.

## H. P. HOOD & SONS, INC.

(October 27, 1952)

*Gillen, J.*  This is an action of contract to recover for payment of an execution and legal expenses incurred in an action against the plaintiff by one Patrick DiDio for damages as a result of the said DiDio being allegedly made sick by drinking some unwholesome and deleterious milk in the plaintiff's restaurant, the milk having been

sold to the plaintiff by the defendant corporation. The answer is a general denial and an allegation of contributory negligence.

*At the trial there was evidence tending to show that:* The plaintiff, Mariano DiPierro, on or about October 4, 1950, operated a restaurant known as the Back Bay Spa and bought milk from the defendant. On October 4, 1950 Patrick DiDio came into the plaintiff's restaurant during the noon lunch hour, ordered soup, a sandwich, and milk. The plaintiff served him a half pint bottle of Hood's milk in a glass bottle which the plaintiff opened at the counter in the presence of DiDio and poured half of its contents into DiDio's paper cup. The plaintiff did not see anything wrong with the milk as he poured it, and went to wait on another customer; that while waiting on another customer, his attention was called to the fact that DiDio became sick to his stomach at the counter, at which time the plaintiff went back and examined the milk bottle and the cup. Upon examination, the plaintiff testified that he observed a coating of a black substance like coal dust on the bottom of the bottle, and that there were some particles of the black substance on the bottom of the cup. There were other customers in the store at the time.

There was also evidence tending to show that following this incident DiDio brought an action against the plaintiff in the Municipal Court of the Charlestown District.

A copy of a letter dated October 25, 1950 signed by plaintiff's attorney addressed to the defendant was offered in evidence, viz:—

H. P. Hood and Sons                              October 25, 1950
500 Rutherford Avenue
Charlestown, Massachusetts

Gentlemen: Re: *Patrick DiDio* v. *Back Bay Spa—Our file No. 1-GL-240316.*

This letter is to inform you that a claim has been presented against Mariano DiPierro d/b/a Back Bay Spa, located at 350 Columbus Avenue, Boston, Massachusetts, by one Patrick DiDio of 91 Kilmarnock Street, Boston for personal injuries sustained

by him as a result of drinking a bottle of Hood's milk in Mr. DiPierro's restaurant, which milk contained foreign and deleterious matter. The claimant, Mr. DeDio, is represented by attorney George Bloomfield of 18 Tremont Street, Boston, telephone Lafayette 3-4885. Mr. Bloomfield alleges that the milk was purchased at the Back Bay Spa on October 4, 1950 at about 12:00 M. The claimant was treated by one Dr. Kaplan of 176 Huntington Avenue, Boston. Our investigation so far indicates that Mr. DiDio was made sick to his stomach after drinking some milk out of a small bottle.

In view of the fact that it is alleged that the claimant was made sick because of foreign matter in the milk, we are referring this claim to you so that you may make an investigation. We are also calling upon you to assume the defense of any action that may be brought against Mr. DiPierro, and we are notifying you of our intention to hold H. P. Hood and Sons responsible for any judgment we might have to pay on behalf of Mr. DiPierro arising out of this incident in any subsequently brought legal action.

Yours very truly,

R. W. Bramley, *Attorney*

Another letter dated November 14, 1950, signed by the plaintiff's attorney, and addressed to the defendant was offered in evidence, viz:—

November 14, 1950

H. P. Hood and Sons
500 Rutherford Avenue
Charlestown, Massachusetts

Gentlemen: Re Patrick DiDio v. Back Bay Spa *Our file # 1-GL-240316*

May I call your attention to a letter from Mr. Bramley of this office dated October 25, 1950, in which he informed you that a claim had been placed against our assured, Back Bay Spa, by one Patrick DiDio?

The claimant, by a writ returnable November 11, 1950 in the Charlestown District Court, has now brought an action against our assured.

We have filed an answer in this action on behalf of our assured and intend to file interrogatories in this case.

We are now calling upon you to come in and defend this action, and hereby notify you that we shall hold you responsible for any judgment rendered against our assured in this action. I am writing to give your legal representative an opportunity to discuss this case with me before we file interrogatories. May I hear from you at your earliest convenience?

Yours very truly,

W. A. Downs, Attorney

There was objection to the admission of both of these letters but as the objections were not formally perfected and argued we treat them as having been properly admitted in evidence.

There was testimony by the plaintiff that sometime after the incident happened, someone from the Hood Company came to his restaurant and examined the bottle in question. There was further testimony that in the action by DiDio against DiPerro in the Charlestown Court an execution issued in favor of DiDio in the amount of $282.00.

The trial judge found for the defendant.

The plaintiff requested the trial judge to rule, viz:

1. The defendant, H. P. Hood & Sons, Inc., was legally notified and given an opportunity to defend the suit of *Patrick DiDio v. Manuel DePierro d/b/a Back Bay Spa.*

The trial judge denied the requested ruling and added: "I find that the plaintiff failed to give a sufficient notice to the defendant as is required by General Laws, Chapter 106, Section 38."

We treat this request as relating to Manuel DePierro as a typographical error in view of the fact that he is described as doing business as the Back Bay Spa, and in view of the further fact that the parties did not raise this issue in the argument before this division.

[61]

If the trial judge did not err in the treatment of request No. 1, the case ends here and it would be unnecessary for us to examine the action by the trial judge on the other request for ruling of law. We find no error by the trial judge in regard to request No. 1.

The plaintiff concedes that if the trial judge had made a specific finding of fact that the notices were not given within a reasonable time, he would not have a basis for an appeal unless the finding was clearly wrong on the evidence in comparison with previous decisions of the Supreme Judicial Court. However, the plaintiff submits that since the trial judge did not specifically find the notices were not given within a reasonable time, but found that they were not sufficient an inference arises that he found the notices were given within a reasonable time but were not "sufficient" in substance. Since the fact regarding the form and nature of the notices is not in dispute, we do not think that the failure of the trial judge to specifically find either way on the reasonableness of the time element in the giving of the notice other than to say the notice was not "sufficient" precludes us from holding that the use of the expression "failed to give a sufficient notice" did not embrace a consideration of the element of time in the giving of the notice.

In *Guthrie* v. *J. J. Newberry Co.,* 297 Mass. 245, the trial judge refused to rule "The notice by the plaintiff's attorney was not *sufficient.* The time element was an important factor in this case embracing as it did a period of nineteen days from the time the food was eaten. But the court said 'we think that the facts warranted the trial judge in finding that a *sufficient* notice was given to the defendant.' "

In the instant case we hold that the reverse of this conclusion is proper.

In *Noonan* v. *Lawrence,* 130 Mass. 161 a snow and ice case under the defective highway statute (Now G. L. c. 84), the court said "the notice must to be *sufficient,* be so reasonably specific as to time, place and cause as to be of substantial assistance to the proper authorities in investigating the question of their liability."

In short, one of the reasons for the timeliness of notice is to give the party against whom damages are claimed an opportunity to inspect the particular food or drink complained of together with the foreign substance in as nearly the same state as it was when consumed.

In the instant case we had milk with a foreign substance. We do not think under the circumstances the trial judge was wrong in concluding that a notice that was given twenty-one or twenty-two days after the milk was consumed was not legally *sufficient*.

In *Murphy* v. *Gilchrist,* 310 Mass. 635, in speaking of notice, the court said "what is a reasonable time must be determined in view of the circumstances of each particular case and will vary widely in different types of cases. But in a case of this kind, where the buyer has the necessary knowledge and shows no reason for a delay the seller may be deprived of the protection which the statute was designed to afford him unless the notice is given more promptly than was done in this case."

The testimony by the plaintiff that "sometime after the incident happened, someone from the Hood Company came to his restaurant and examined the bottle in question, . . ." was of no value to either plaintiff or defendant as there was no indication of the date of the visit.

No case has been called to our attention where the court has held that a conclusion that a notice is *insufficient* has reference only to the form and substance to the exclusion of the timeliness of the notice.

We find no error.

Report dismissed.

W. W. Jump, for the plaintiff.

Parker, Coulter, Daly and White, for the defendant.