**Nevis BONKER**

v.

**INGERSOLL PRODUCTS CORPORATION.**

**Civ. A. No. 53–1046–A.**

United States District Court
D. Massachusetts.

June 21, 1955.

Frank W. Crocker, George C. Caner, Jr., Boston, Mass., for plaintiff.

George F. Garrity, Boston, Mass., for defendant.

ALDRICH, District Judge.

The plaintiff, while living with her mother in Pennsylvania, ate some of the defendant's canned "Boneless Chicken Fricassee" and was severely injured by swallowing a piece of bone. The chicken had been bought by the mother from a local grocer, who, in turn, had bought it several years before direct from the defendant, a Massachusetts manufacturer. The mother testified she had been persuaded to buy by the label, and the plaintiff testified she had seen the label while her mother was preparing the meal.

The plaintiff ate the chicken and was injured on April 2, 1952. Between then and July 7 she had several operations on

her throat and came close to dying as a result of extensive infection. Until sometime in May she was confined to her bed and thereafter she was able to walk about, outdoors, as well as in. Until the end of August she could not swallow food or drink, and was fed through a tube in her stomach. Her ability to talk apparently was not impeded. She first saw a lawyer on August 1, who, that day, sent written notice to the defendant, which was adequate in every way if it was timely. In this connection the defendant's mail address was on the can itself, which the plaintiff retained.

In this action for breach of warranty the defendant now moves under Rule 50, Fed.Rules Civ.Proc. 28 U.S.C.A. for judgment n. o. v. It does not deny that the plaintiff could sue for breach of warranty, Mannsz v. Macwhyte Co., 3 Cir., 155 F.2d 445, but alleges that as matter of law she did not give notice "within a reasonable time after [knowledge of the] breach". 69 Purdon's Pa.Stats. § 259.

The statute, which is § 49 of the Uniform Sales Act, does not give the standards by which reasonableness is to be ascertained, nor are the decided cases of too great assistance. Courts usually generalize about "protecting" the seller from "belated claims." But protecting him from what, exactly? Did the delay injure his opportunity to investigate, or defend, or to take action to minimize damages? Did it suggest that the injury may not in fact have been due to breach of warranty, or that the claim was an afterthought? Did it reflect upon the conduct of the buyer, as suggesting that he had waived the breach, or finally accepted the goods? In this case the jury could find, indeed, I believe it had to find, an answer favorable to the plaintiff as to all of these issues.

The cases indicate that it is appropriate to take into consideration the plaintiff's situation. Undoubtedly the plaintiff would have been able to write a letter to the defendant long before August 1. She did know, however, that her mother had immediately notified the grocery store. While I assume she could have seen a lawyer before August 1, still was it so unreasonable for her to wait a day short of four months, which was only two weeks after her fourth and last operation, to the extent that I must now say that as a matter of law she cannot recover?

This question was put to the jury under careful instructions emphasizing that it was an important and not a technical defense. Under the cases four months is a long period of time. However, in the light of the plaintiff's extended course, and the absence of any possibility of injury to the defendant, I am not quite prepared to rule that it could not answer as it did.

The defendant's motion is denied.