### Northern District

### No. 5364

## HOUSE OF BIANCHI, INC.

### v.

## MERRIMACK MANUFACTURING CO.

### (June 2, 1960)

*Present:* Brooks, J., (Presiding), Northrup & Kelleher, JJ.

Case tried to *Eno, J.,* in the District Court of Lowell. No. 2484 of 1958.

*Brooks, J.* This is an action of contract. Plaintiff's declaration is as follows:

> "The plaintiff, House of Bianchi, Inc., says that the defendant is a business concern engaged in the business of manufacturing cloth in Lowell, County of Middlesex, to be used in the making of personal clothing; that in 1957, the plaintiff purchased quantities of a certain cloth, having made known to the defendant the purposes for which the said cloth was to be put; that the defendant warranted that the said cloth was of merchantable quality and was fit for the purpose of being made into personal clothing; that the plaintiff in the usual course of its business made such personal clothing from the purchased cloth and that subsequently by reason of the defendant's breach of its warranties aforesaid, was obliged, in the exercise of reasonable legal discretion and to save attorney's fees and court costs of a second trial, to pay damages as a result of an execution on a judgment obtained against Worth of Boston and to pay damages as a result of other claims made against and paid by the said Worth of Boston."

The answer is general denial, contributory negligence and failure to give reasonable notice to the defendant of the alleged breach of warranty after acceptance of the goods and within a reasonable time after the plain-

tiff knew or ought to have known of the breach of warranty.

*There was evidence tending to show the facts* as found by the judge as follows:

"The plaintiff is a manufacturer of bridal apparel and gowns. The defendant was in 1957 a manufacturer and finisher of cotton cloth material known as "velveteen". Between June 17, 1957, and August 24, 1957, the plaintiff purchased, by six different orders, 629 yards of said "velveteen" cloth from the defendant. In September, 1957, the plaintiff received from Worth of Boston, a dealer in gowns and dresses, an order for some gowns which were made out of the said cloth purchased from the defendant. Some of these gowns were sold on or about September 7, 1957, by said Worth of Boston to five girls who were to be bridesmaids at a wedding, which took place on or about November 23, 1957. The material purchased from the defendant was faulty in that its red color known as "American Beauty" stained the undergarments and gloves of the wearers, as well as caused a rash on the skin of at least one of the wearers, Barbara Melanson, now Barbara Quinn. The latter notified Worth of Boston about the defect in the dresses on January 4, 1958, when she personally brought back the dress she had purchased from them. She brought suit for her loss in the Municipal Court of the City of Boston against said Worth of Boston and recovered a judgment of $121.28 against them on June 21, 1958. No evidence was offered, and therefore, I cannot

find on what said judgment was based.

"The plaintiff received a written notice of the defective dresses from Worth of Boston by a letter from their attorney dated Feb. 25, 1958, (Ex. 2) and another letter dated March 6, 1958, (Ex. 3) stating it was taking a credit of $144.20 for them. The defendant obtained knowledge of these defective dresses shortly after February 25, 1958. (Int. No. 15 and No. 16). On March 10, 1958, and on March 19, 1958, the plaintiff wrote the defendant concerning these defective dresses (Ex. 4 and 5) and making claim of $144.20 to cover the credit taken by Worth of Boston.

"I further find that the notice of the defect was given to the defendant within a reasonable time and that the plaintiff's loss was $144.20.

"Defendant's requests for rulings numbered 5 and 6 were waived in open court; I allow its request numbered 4: I deny that numbered 2, because it fails to contain specifications required by rule 27 of the Rules of the District Courts; that numbered 3, because I find as a fact that notice was given within a reasonable time; and that numbered 1 because it is inconsistent with the above findings of facts.

"I find for the plaintiff and assess damages in the sum of $144.20, with interest from the date of the writ."

There are two issues in this case. One is raised by the third request for ruling, which is as follows:

"As a matter of law, the notice of breach of warranty given by Worth of Boston to the plaintiff in this action was

not given within a reasonable time in accordance with G. L. c. 106, §58."

The second issue is whether the notice referred to in the above request is the important notice for the purposes of this case.

G. L. c. 106, §38, is as follows:
"In the absence of an expressed or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability and damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

What is a reasonable time under the circumstances before us seems to be governed by the case of *Murphy v. Gilchrist Company*, 310 Mass. 635, where it is held that a notice given after 40 days was as a matter of law not reasonable. The Court said,
"What is a reasonable time must be determined in view of the circumstances of each particular case and will vary widely in different types of cases, but in a case of this kind where the buyer has the necessary knowledge and shows no reason for delay, the seller may be deprived of the protection which the statute was designed to afford him unless the notice is given more promptly than was done in this case."
See also *Munroe Auto Equipment Company v. Bloom*, 326 Mass. 65, 67.

Since no extenuating circumstances appear in the case before us, we are of the opinion that a delay of 52 days between notice to

Worth of Boston and by it to plaintiff was unreasonable.

With reference to the second question, whether the notice referred to in the third request was material and important, it is to be noted that plaintiff is suing defendant to re-imburse itself for money voluntarily paid out by it to Worth of Boston against whom a judgment had been obtained by one of its customers. As was found by the trial judge, no evidence was offered in this action, so he was unable to find on what the judgment was based.

The fourth request allowed by the court is a proper statement of the law:

"In an action for breach of warranty in order for the plaintiff to recover an amount paid a customer without a judgment against the plaintiff, the burden of proof is on the plaintiff to show that such payment was made on account of the plaintiff's actual legal liability to pay such amount."

It is clear that the plaintiff here paid without such legal liability. He is in other words a volunteer. He stands no better in his action against the defendant than would have Worth of Boston, had it been suing the defendant after a delay of 52 days' notice. *Bancroft v. Abbott,* 3 Allen, 524; *Newell v. Hadley,* 206 Mass. 335, 342; *Bartholomew v. Stobbs,* 280 Mass. 559; *Royal Paper Box Co. v. Monroe & Church Company,* 284 Mass. 446, 452, 453; *Keljikian v. Star Brewing Co.,* 303 Mass. 53.

The notice of Worth of Boston to plaintiff is the crucial notice and it was too long de-

layed. Failure to allow defendant's third request was prejudicial error.

*Judgment is to be vacated and finding entered for the defendant.*

Merritt J. Aldrich of Boston, for the Plaintiff.
Robert P. Sullivan of Lowell, for the Defendant.