*Municipal Court of the City of Boston*

No. T-5617

**DAVID DOWNEY**

v.

**MARGARET M. MAHONEY, d/b/a.
ARMY BASE DINER**

(October 26—November 27, 1962)

*Present*: Adlow, C. J., Lewiton & Shamon, JJ.

Case tried to *Canavan, J.*

Argued: ———— Decided: ————

*Adlow, C. J.* Action of contract of tort to recover for illness allegedly resulting to the plaintiff from eating a pork dinner in a diner operated by the defendant. The writ originally brought in the Superior Court for Suffolk County and the cause was remanded for trial to the Municipal Court of the City of Boston. The declaration is in two counts. The first count alleges injury resulting from the negligence of the defendant; the second court is based on a breach of implied warranty with respect to the fitness of food served to the plaintiff, and is in contract. There was a finding for the defendant on Count one and for the plaintiff on Count two. Being aggrieved by the refusal of the court to rule as requested, the defendant requested a report.

*There was evidence tending to show that* on October 29, 1960 at about 11:30 A.M. the plaintiff in the company of one Norton went to the diner owned and operated by the defendant and ordered a pork dinner. He paid for the meal after eating same. Several hours later he felt nauseated, vomitted, and was taken to the Massachusetts General Hospital where he was admitted and remained overnight. He was obliged to remain home for two weeks. There was evidence that the diagnosis of his condition at the hospital was "acute staphylococcal gastroenteritis". There was evidence that Norton, who accompanied the plaintiff to the defendant's diner, ordered a similar dinner and suffered like consequences.

On November 30, 1960, the defendant received a letter dated November 29, 1960, which letter had been sent by counsel for the plaintiff in his behalf, and which letter gave notice of the injury suffered by the plaintiff and made claim for same. At the close of the evidence the defendant requested the court to rule with respect to the count based on a breach of warranty that "the giving of a notice of an alleged breach of warranty thirty-two days after the occurrence of the same as a matter of law, is not the giving of notice within a reasonable time." The court refused to so rule and found for the plaintiff.

We see no error in the ruling of the court. █ Whether notice of a breach of warranty has been given within a reasonable

time depends not only on the time that has elapsed between the breach and the giving of notice, but on circumstances embracing the plaintiff's ability to give such notice after the alleged breach. In *Murphy v. Gilchrist Co.*, 310 Mass. 635, 636, the court ruled as a matter of law that a notice given forty days after the plaintiff became aware of the breach was insufficient, but the court was careful to point out that during the entire period that elapsed between this breach and the giving of notice the plaintiff was working. In other words there was nothing to show that he was unable to give notice more promptly, or that he had an excuse for not so doing.

In the cause under review, the plaintiff was confined to his home for two weeks. In the peculiar circumstances of this case only a two-week period elapsed between the time when the plaintiff became able to give a notice and actually did give such notice.

Whether notice was given in a reasonable time was actually a mixed question of law and fact which the court could decide on the basis of all the circumstances. *Guthrie v. J. J. Newberry Co.*, 297 Mass. 245; *McCabe v. Liggett Drug Co.*, 330 Mass. 177, 181.

We see no error in the court's rulings. *Report dismissed.*

Joseph J. Padellaro, of Boston, for the Plaintiff.
Harry J. Williams, of Boston, for the Defendant.