*Northern District*
No. 6365

## JOSEPH PRIMAK

v.

## STAR MARKET COMPANY

*Present:* Connolly, J. (Presiding), Parker, Yesley, J. J.

Case tried to *Brooks*, J. in the First District Court of Eastern Middlesex  No. 783 of 1966

YESLEY, J.  *This is an action of contract* to recover for injuries received by the plaintiff while eating a salami purchased from the defendant which, the plaintiff alleges, was not fit for human consumption by reason of the presence therein of a piece of metal.

The trial justice found for the plaintiff and made special findings that on *September 2, 1965,* the plaintiff purchased at the defendant's store in Saugus a salami manufactured by Morrison & Schiff of Boston, that he put it in his refrigerator at home where it remained untouched in the original sealed package until *September 5, 1965,* on which date he took the package out, opened it, cut off a slice and started to eat it, that as he chewed, he bit on a *piece of metal* imbedded in the salami, resulting in the partial dislodgement of a denture and consequent pain and discomfiture, that he immediately wrote to Morrison & Schiff in-

forming them of the incident, that after a two weeks' wait without any reply he telephoned them; with the result that he was visited by their representative who took away the piece of metal and arranged for a dental examination of the plaintiff on *October 14, 1965,* and that nothing further developing the plaintiff consulted an attorney who on *November 17, 1965* gave notice to the defendant in writing.

The trial justice "rul[ed] that there was a breach of warranty on defendant's part as a result of which plaintiff suffered injury", and further "that under all the circumstances plaintiff gave a timely notice to the defendant". The defendant claimed to be aggrieved by the latter ruling and by the denial of its request for a ruling that: "As a matter of law, the evidence does not warrant a finding that the notice given by the plaintiff was given within a reasonable time after he discovered or should have discovered the breach". The defendant does not quarrel with the "ruling" that there was a breach by the defendant of an implied warranty of merchantability under the Uniform Commercial Code. (G.L. c. 106, § 2-314). While a New Englander must be prepared to cope with the hazards of fish bones in his chowder, *Webster* v. *Blue Ship Tea Room,* 347 Mass. 421, 426, he is not required to be on guard for metal bits in his salamis.

The defendant's sole contention is that the trial justice was required to rule as mat-

ter of law that notice to the defendant some *seventy days* after discovery of the breach was not given within a reasonable time, in which case the plaintiff would be barred from any remedy by G.L. c. 106, §2-607(3)(a) of the Uniform Commercial Code which provides that: "Where a tender has been accepted buyer must within a *reasonable time* after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." [Emphasis Added]. What is a *reasonable time* for taking any action "depends on the nature, purpose and circumstances of such action." (G.L. c. 106, §1-204(2)).

The plaintiff learned of the presence of the metal in the salami on *September 5, 1965* when he took the ill-fated bite. Notice was not given to the defendant until *November 15, 1965,* some seventy days later. Nothing more appearing, such notice would have to be ruled as not within a reasonable time—*Murphy* v. *Gilchrist Company,* 310 Mass. 635 (where forty days expired before notice was given), and cases cited on page 637; see also *DiPierro* v. *H.P. Hood & Sons, Inc.,* 4 Mass. App. Dec. 58 (where twenty-one days went by before notice was given); *House of Bianchi* v. *Merrimack Manufacturing Company,* 19 Mass. App. Dec. 66 (where fifty-two days passed by before notice was given). In the *Murphy* case it was stated (p. 637) that "What is a reasonable time must be determined in view of the circumstances of

each particular case and will vary widely in different types of cases. But in a case of this kind where the buyer has the necessary knowledge and shows no reason for delay the seller may be deprived of the protection which the statute was designed to afford him unless the notice is given more promptly than was done in this case''. The cited cases were decided before the Code became effective (1958), but the Sales Act, which was then the pertinent statute, required notice in much the same language as the Code, namely ''within a reasonable time after the buyer knows or ought to know of such breach'', G.L. c. 106, §38.

The plaintiff contends, however, that the prompt notice given to the manufacturer is a circumstance that renders reasonable the notice to the seller in seventy days. The cases speak of the purpose of the notice as being the protection of the seller against belated claims for damages, *Idzykowski* v. *Jordan Marsh Company,* 279 Mass. 163, 167; *Bruns* v. *Jordan Marsh Company,* 305 Mass. 437, 445, but they do not elaborate. There is the suggestion in the Comments of the draftsmen to the notice section of the Code that what is ''a reasonable time for notification from a retail consumer is to be judged by different standards (than those applicable to a merchant buyer), so that in his case it will be extended, for the rule of requiring notification is designed to defeat commercial bad faith, not to

deprive a good faith consumer of his remedy''. See Uniform Commercial Code Comment under §2-607 of the Code (page 474 of 13 M.G.L.A., §4).

In two Federal Cases, *Bonker* v. *Ingersoll Products Corporation,* 132 F. Supp. 5 (U.S. D.C. D. Mass.-1955) and *Pritchard* v. *Liggett & Myers Tobacco Company,* 295 F. 2nd 292 (C.A. 3-1961), delays of four and ten months respectively in the giving of notice by a consumer were not held fatal. Both of these cases dealt with the notice requirement under the Uniform Sales Act of Pennsylvania, the text of which was the same as that of the Massachusetts Uniform Sales Act. In *Pritchard,* the court stated (p. 298) that ''one of the factors to be considered is, did the delay in giving notice. . .prejudice the seller?'' It would be difficult to find prejudice in (the present) case. Immediate notice was given by the plaintiff to a party (the manufacturer) who had just as vital an interest as the defendant in investigating and defeating this claim. The manufacturer had in fact made a prompt inspection of the salami and of the offending metal substance and had caused a dental examination to be made of the plaintiff, all before the notice was sent by the plaintiff to the defendant. These protective steps were taken by a party who had every incentive to afford the defendant every assistance in the defense of the case because

of its own potential ultimate responsibility in the matter.

The Court in *Bonker,* a suit against the manufacturer of a can of Boneless Chicken Fricassee for breach of warranty by reason of the presence of a bone, in considering whether the notice was given within a reasonable time in the light of the standard of protecting the seller against belated claims (see supra), held significant the fact that a separate notice had been given forthwith to the retailer who sold the can to the plaintiff (a reverse of the case at bar where the first notice was given to the manufacturer in an action against the retailer).

We are of the opinion that the giving of immediate notice to the manufacturer was an element to be considered by the trial justice in determining whether the notice to the defendant was timely. We think that in the circumstances of this case it was not error for the trial justice to refuse to rule that the notice to the defendant was not given within a reasonable time.

**There being no error the report is ordered dismissed.**

ELIHU PEARLMAN
of Malden for the Plaintiff
ROBERT E. BURNS
of Lowell for the Defendant